[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Chastity was adjudged, neglected and committed (custody and guardianship) to the Department of Children and Families (DCF) on February 5, 1998. Continuing efforts to reunify father and child have been found not appropriate. On September 2, 1999, sole custody was returned to the mother without objection by the father.
The father objected to a DCF further request that sole guardianship be vested in the mother. Conn. Gen. Stat. §45a-606. The father was concerned that his access to information about his daughter would be denied to him. Compare § 46b-56
(e). The court grants the request.
Any shift of guardianship based on a Superior Court juvenile matters adjudication remains within the exclusive jurisdiction of this court. In re Juvenile Appeal (85-BC), 195 Conn. 344 (1985). A transfer of guardianship, however, is far from termination of parental rights. While the father as non guardian may have no right to care and control of his daughter or to make "major decisions affecting the child's welfare, including consent CT Page 12355 determinations regarding marriage, enlistment in the armed forces and major medical, psychoactive or surgical treatment," §45a-604 (5), his removal does not terminate his right to see his daughter and to be involved in her life. He may be entitled to court ordered visitation or reinstatement as a guardian. In reHelen B., 50 Conn. app. 818, 826 (1998). Because of the current relationship of the parents and child, the court expects that the mother will provide to the father basic information on their daughter's academic and health status, as well as to continue the present father daughter contact.
The court need not resolve hypothetical issues.
Accordingly, the father's guardianship right in his daughter is removed so the sole guardian of the child is the mother.
Samuel S. Goldstein Judge Trial Referee